UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DMITRIY BELYAKOV,

Petitioner,

v.

ICE FIELD OFFICER,

Respondent.

Case No. C26-1217-RSM

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

This matter comes before the Court on Petitioner Dmitriy Belyakov's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Dkt. #3.

The following facts are taken from the Petition and a declaration of an ICE officer.  *See* Dkts. #3 and #7.  Petitioner, a native citizen of Russia, was paroled into the United States here in Seattle in 2002 and adjusted to a lawful permanent resident on or around December 1, 2006.  Petitioner has several criminal convictions—assault, violation of a protection order, reckless endangerment, and DUI.  He was detained by ICE on March 8, 2025, and served with a Notice to Appear ("NTA").  The NTA alleged that Petitioner was removable because he had violated a protection order with credible threats of violence and harassment.

The Petitioner had a bond hearing, represented by counsel, on or around May 19, 2025.  An immigration judge denied Petitioner's bond for him being a danger to the community.  He

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

failed to appeal that decision. The Petitioner filed, through counsel, an Application for Cancellation of Removal of Certain Permanent Residents on or around May 23, 2025. The Petitioner had his merits hearing, represented by counsel, on or around September 23, 2025. An immigration judge ordered the Petitioner removed to Russia on that same date.

On or around March 17, 2026, ICE provided a travel document request to the Petitioner. The Petitioner refused to sign the documents because he has a pending appeal with the Board of Immigration Appeals ("BIA").

Petitioner remains detained at the Northwest ICE Processing Center ("NWIPC").

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Petitioner requests a bond hearing "where individual factors are considered." Dkt. #3 at 2.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*,

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The Court has considered each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025).

The Court finds that the requested relief is not warranted.

The record reflects that Petitioner has been provided a bond redetermination hearing and that he is lawfully subject to detention under 8 U.S.C. § 1226(a). He is subject to a charge of removability under 8 U.S.C. § 1227(a)(2)(E)(ii), as an alien who at any time after entry has been enjoined under a protection order and has been determined to have engaged in conduct in violation of that order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued.

Petitioner has failed to demonstrate that the bond decision constitutes legal error. Petitioner, in his Reply, offers evidence that he does not pose a danger to the community—a letter of support from his ex-wife and evidence that a prior no-contact order has expired. *See*

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

Dkt. #9.  However, this Court is not charged with assessing new evidence in the first instance and Petitioner fails to argue or point to any errors by the immigration judge in denying bond.

Petitioner may disagree with that decision, but "this Court does not have jurisdiction to sit as an appellate body over this [factual] issue." *Valenzuela v. Semaia*, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025).  Any "erroneous factual determinations and evidentiary errors" by the immigration judge are reviewable by the Board of Immigration Appeals, and Petitioner has reserved the right to appeal.  *Martinez v. Scott*, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025).  Accordingly, the Court concludes that Petitioner has failed to demonstrate that his detention is unlawful by a preponderance of the evidence, and he is not entitled to habeas relief.

Having considered the instant Petition, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is DENIED.  This case is CLOSED.

DATED this 29th day of May, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4